UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS DALLIO,

                Plaintiff,

v().                                                                  9:06-CV-0118
                                                                                                        (GTS/GHL)

C.O. JERRY HEBERT; C.O. SCOTT SANTAMORE;
C.O. HANK HERRMANN; C.O. SHEILA SUAVE;
C.O. CHARLES SMITH; C.O. ANDREW STREETER,
C.O. JUDY WARRINER; C.O. RUYCE CURBINE;
SGT. DANIEL KING; SGT. MICHELE WILSON;
LT. DONALD QUINN; NURSE SUSAN RYAN;
NURSE LILLIAN RILEY; NURSE KIMBERLY
PERREA; LT. ROGER WRIGHT; CAPT. STEVEN
RACETTE; DEPT. SUPT. JOHN DONELLI;
I.G. INVESTIGATOR BENJAMIN IAZETTI; and
D.A. INVESTIGATOR DARCY CURNELL,

                              Defendants.
_____

APPEARANCES:                                                          OF COUNSEL:

THOMAS DALLIO, 88-T-2364
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                                                  RICHARD LOMBARDO, ESQ.
  Attorney General for the State of New York                        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by Thomas

Dallio ("Plaintiff") are (1) Defendants' motion for partial summary judgment (Dkt. No. 71), (2)

United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that

Defendants' motion be granted in part and denied in part (Dkt. No. 79), (3) Defendants' Objection to the Report-Recommendation (Dkt. No. 80), and (4) Plaintiff's Objection to the Report-Recommendation. (Dkt. No. 81.) For the following reasons, the Report-Recommendation is accepted and adopted as modified below, and Defendants' motion is granted in its entirety.

I.  **BACKGROUND**

On January 30, 2006, Plaintiff filed his Complaint in this action, asserting claims against the above-captioned nineteen (19) DOCS employees ("Defendants"). (Dkt. No. 1.) Generally, in his Complaint, Plaintiff alleges civil rights violations under the First and Eighth Amendments, including claims of excessive force, inadequate medical care, deliberate indifference, and conspiracy on the part of prison officials for filing false reports in response to his grievance claims. (*Id*.)

On March 10, 2008, Defendants filed a motion for partial summary judgment, arguing (1) that the Complaint should be dismissed against all Defendants in their official capacities, (2) that Plaintiff's pendent state law claims are barred by New York State Corrections Law Section 24, (3) that Defendants Ryan, Riley, and Perrea provided constitutionally sufficient medical care, (4) that Defendants Wright, Racette, Donelli, and Iazetti were not personally involved in the alleged constitutional deprivations, and (5) that the claims against Defendants Ryan, Riley, Perrea, Wright, Racette, Donelli, and Iazetti are barred by the doctrine of qualified immunity. (Dkt. No. 71, Part 17.) In support of their motion, Defendants assert the following four arguments: (1) Plaintiff failed to establish a medical indifference claim against Defendants Ryan, Riley, and Perrea; (2) Plaintiff failed to show personal involvement of several defendants; (3) Plaintiff's state law claims are barred under New York State Corrections Law Section 24; and (4)

Defendants are entitled to qualified immunity. (Dkt. No. 71, Part 17.)

On April 9, 2008, Plaintiff submitted his response in opposition to Defendants' motion. (Dkt. No. 72.) In his response, Plaintiff (1) conceded that the Complaint should be dismissed against all Defendants in their official capacities, (2) conceded that the pendent state law claims must be dismissed, (3) argued that there are genuine issues of material fact that preclude summary judgment for Defendants on the issue of deliberate indifference by Defendants Riley, Ryan, and Perrea, (4) argued that Defendants Wright, Racette, Donelli, and Iazetti were personally involved, and (5) argued that Defendants Ryan, Riley, Perrea, Wright, Racette, Donelli, and Iazetti are not entitled to qualified immunity. (*Id*.)

On March 24, 2009, Magistrate Judge Lowe issued a Report-Recommendation recommending the dismissal of (1) Plaintiff's claims against all Defendants in their official capacities, (2) the pendent state law claims, and (3) all claims against Defendants Ryan, Riley, and Perrea. (Dkt. No. 79.) Magistrate Judge Lowe further recommended that the action be dismissed as to Defendant Curnell for failure to effect service in accordance with F.R.C.P. Rule 4(m). (*Id*.) Finally, Magistrate Judge Lowe recommended that the claims against all other Defendants in their individual capacities proceed to trial. (*Id*.) Familiarity with the grounds of Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order.

On April 8, 2009, both Plaintiff and Defendants filed their Objections to the Report-Recommendation. (Dkt. Nos. 80, 81.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

> **B.   Standard Governing Motion for Summary Judgment and Motion to Dismiss**

Magistrate Judge Lowe correctly recited the legal standard governing a motion for summary judgment as well as a motion to dismiss for failure to state a claim. (Dkt. No. 79, at 6-

---

[1]   On de novo review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]   *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

18.) As a result, these standards are incorporated by reference in this Decision and Order.

## III. ANALYSIS

### A. Defendants' Objections to the Report-Recommendation

#### 1. Argument Raised for the First Time During Objections

In their Objections, Defendants argue that Magistrate Judge Lowe incorrectly determined (1) that Defendants Wright, Racette, Donnelli and Iazzetti were personally involved in violating Plaintiff's constitutional rights, and (2) that these Defendants are not entitled to qualified immunity. (Dkt. No. 80.) More specifically, Defendants argue (for the first time) that the second prong of the test used to determine personal involvement of a supervisory official in a constitutional violation cannot apply to the allegations in Plaintiff's Complaint because, according to Defendants, supervisory liability under the second prong only occurs when a supervisor fails to remedy a wrong after being informed of the wrong. (*Id*.) In support of their argument that the second prong of the personal involvement test only applies to allegations of a supervisor's failure to remedy ongoing constitutional violations, Defendants argue (again, for the first time) that it is impossible to remedy a wrong consisting of a single isolated incident, the occurrence of which there was no advanced notice. (*Id*.) Because Plaintiff does not allege that Defendants Wright, Racette, Donnelli and Iazzetti were aware of the possibility of Plaintiff being harmed prior to February 4, 2003, Defendants argue that these Defendants, who were involved (in some capacity) in investigating the incident of February 4, 2003, cannot be found to have been personally involved in the alleged constitutional violations that Plaintiff suffered. (*Id*.)

As explained above in Part II.A. of this Decision and Order, "[o]n *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance."

*Cusamano v. Sobek*, 604 F. Supp.2d 416, 425 n.1 (N.D.N.Y. 2009) (Suddaby, J.) (citations omitted).  "Moreover, *de novo* review of a magistrate's Report and Recommendation is not warranted by objections that simply attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Kennedy v. Adamo*, 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept 1, 2006) (internal quotation marks and citation omitted).  "Thus, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the Report and Recommendation only for clear error." *Adamo*, 2006 WL 3704784, at *1 (internal quotation marks and citation omitted).  However, 28 U.S.C. § 636(b)(1) affords a district court the authority to consider new evidence, as well as case law presented for the first time, in making its *de novo* determination after an objection is filed.  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Here, Defendants do not seek to introduce new evidence, but rather seek to clarify, based on Magistrate Judge Lowe's Report-Recommendation, that Defendants Wright, Racette, Donnelli and Iazzetti were not personally involved in the constitutional violations that Plaintiff allegedly suffered, because it is not possible for them to remedy a wrong arising out of a single incident, the occurrence of which they had no advanced notice.  (Dkt. No. 80.)  The Court is mindful of the fact that, if this argument had merit and the Court decides to not consider it at this stage of the action, that decision may result in these four Defendants having to be hailed into court for trial only to be dismissed at the close of Plaintiff's case.  As a result, in the interest of judicial economy, the Court will consider this argument below.

### 2.     Personal Involvement of Supervisory Officials

Plaintiff's Complaint alleges that the supervisory officials, through conducting a dishonest investigation, were personally involved in violating Plaintiff's constitutional rights.

(Dkt. No. 1.)  More specifically, Plaintiff's Complaint alleges that these supervisory officials, who investigated the incident of February 4, 2003, through their findings and conclusions, participated in a "cover-up" of the facts.  (*Id*.)  In his Report-Recommendation, Magistrate Judge Lowe recommended that the claims against Defendants Wright, Racette, Donnelli and Iazzetti (the supervisory officials) survive Defendants' motion for summary judgment, because these Defendants were personally involved in Plaintiff's alleged constitutional violation (due to the fact that these Defendants "learned of the incident of excessive force involving Plaintiff, investigated the complaint or reviewed the investigative report, and concluded that Plaintiff's grievance was without merit") (Dkt. No. 79.).

"A supervisory official may be personally involved in a section 1983 violation where such official: (1) directly participated in the infraction or ordered that the action be taken; (2) failed to remedy a wrong after learning of the violation; (3) created or allowed the policy or custom under which the incident occurred; (4) was grossly negligent in managing subordinates who caused the incident; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." *Thompson v. New York*, 99-CV-9875, 2001 WL 636432, at *7 (S.D.N.Y. Mar. 15, 2001) (citations omitted).

Although the second prong of the test to determine personal involvement of a supervisory official uses the word "remedy" instead of "prevent," a number of cases within this Circuit have indicated that "[t]he Second Circuit's reference to the failure by a supervisor to remedy a known wrong . . . appears to address cases involving continuing unconstitutional prison conditions . . . ." *Thompson*, 2001 WL 636432, at *7 (noting that a continuing violation "is radically different" than "a single incident or set of incidents, all involving alleged acts by a group of correctional officers during a few hours of a single day.") (citations omitted); *Harnett v. Barr*, 538 F. Supp.2d

7

511, 524 (N.D.N.Y. 2008) (Hurd, J.) ("It has been held that an appropriate guiding principle for determining personal responsibility is where a grievance alleges an ongoing constitutional violation, the supervisory official who reviews the grievance is personally involved if he is confronted with a situation that he can remedy directly. If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to remedy a violation.") (internal quotation marks and citations omitted); *Rahman v. Fisher*, 607 F. Supp.2d 580, 585 (S.D.N.Y. 2009) ("Receiving post hoc notice does not constitute personal involvement in the unconstitutional activity and cannot be said to have proximately caused the damage suffered by the inmate. Therefore, a supervisor may be liable for her failure to remedy a violation only in those circumstances where the violation is ongoing and the defendant has an opportunity to stop the violation after being informed of it. Similarly, liability may attach when a supervisor fails to act on reports of a staff member's previous assaults on the plaintiff and the plaintiff is assaulted again by that same staff member.") (citation omitted).

The "cover-up" that Plaintiff accuses Defendants Wright, Racette, Donnelli and Iazzetti of participating in involved a single incident (as opposed to a "continuing unconstitutional prison condition"), which occurred on February 4, 2003. (Dkt. No. 1.) In addition, Plaintiff's Complaint fails to allege facts plausibly suggesting that any of the supervisory officials named as Defendants were aware of any threats to Plaintiff's safety prior to the incident of February 4, 2003. (*Id.*) Finally, Plaintiff has failed to adduce any admissible record evidence establishing such awareness.[3] (*See* Dkt. Nos. 72, 81.) Accordingly, the Court finds that Defendants Wright,

---

[3] *See, e.g., Nolen v. Goord*, 02-CV-0499, 2006 WL 448686, at *5 (W.D.N.Y. Feb. 17, 2006) (dismissing plaintiff's claims against a supervisory official that he conspired to injure

Racette, Donnelli and Iazzetti were not personally involved in the constitutional violations that Plaintiff allegedly suffered. As a result, the Court concludes that Plaintiff's claims against Defendants Wright, Racette, Donnelli and Iazzetti should be dismissed.[4]

### B.    Plaintiff's Objections to the Report-Recommendation

In his Objections, Plaintiff argues that Magistrate Judge Lowe incorrectly determined that the inadequate medical care claims against Defendants Ryan, Riley and Perrea should be dismissed. (Dkt. No. 81.) Specifically, Plaintiff argues that the evidence establishes a question of fact (1) as to whether his injuries create a sufficiently serious medical need, and (2) as to whether Defendants Ryan, Riley and Perrea were deliberately indifferent to that need. (*Id*.) In support of his argument, Plaintiff relies on *Linden v. Westchester County*, 93-CV-8373, 1995 WL 686742, at *3 (S.D.N.Y. Nov. 20, 1995), which, Plaintiff argues, stands for the proposition that cuts, bruises and pain sustained in an excessive force incident constitute a sufficiently serious medical need. (*Id*.)

As noted by Magistrate Judge Lowe in his Report-Recommendation, even crediting Plaintiff's version of his injuries, the Court finds that such injuries do not amount to a condition of urgency that may produce death, degeneration or extreme pain. *See Benitez v. Straley*, 01-CV-0181, 2006 U.S. Dist. LEXIS 6382, at *8, 10, 33 (S.D.N.Y. Feb. 16, 2006) (cut on plaintiff's lips, cut on plaintiff's head, and "severe cuts" to plaintiff's wrists-none of which required stitches-did not constitute a medical condition that was sufficiently serious for purposes

---

plaintiff for failure "to point to any item of evidence suggesting that [the supervisory official] was aware of any threat to [plaintiff's] safety.").

[4]    Based on this finding, the Court need not, and does not, address Defendants' alternative argument that Magistrate Judge Lowe incorrectly determined that Defendants Wright, Racette, Donnelli and Iazzetti are not entitled to qualified immunity.

of Eighth Amendment, even if plaintiff's allegations were assumed to be true); *Hickey v. City of New York*, 01-CV-6506, 2004 WL 2724079, at *16 (S.D.N.Y. Nov. 29, 2004) (cuts and bruises do not constitute sufficiently serious medical needs), *accord Decayette v. Goord*, 06-CV-0783, 2009 WL 1606753, at *1 (N.D.N.Y. June 8, 2009) (McAvoy, J.); *Rodriguez v. Mercado*, 00-CV-8588, 2002 U.S. Dist. LEXIS 16057, at *8, 24 (S.D.N.Y. Aug. 28, 2002) (bruises to plaintiff's head, back and wrists, accompanied by back pain and migraines but no loss of consciousness, did not constitute a medical condition that was sufficiently serious for purposes of Eighth Amendment); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp.2d 303, 311 (S.D.N.Y. 2001) ("cut finger, even where skin is 'ripped off,' . . . does not, as a matter of law, qualify as an injury severe enough to justify civil rights relief"); *Henderson v. Doe*, 98-CV-5011, 1999 WL 378333, at *2 (S.D.N.Y. June 10, 1999) (broken finger does not rise to sufficient level of urgency); *Montavon v. Town of Southington*, 95-CV-1141, 1997 U.S. Dist. LEXIS 21883, at *10-11 (D. Conn. Sept. 29, 1997) (plaintiff's cuts and scrapes, unaccompanied by profuse bleeding or other conditions, did not constitute a medical condition that was sufficiently serious for purposes of Fourteenth Amendment); *Sanford v. Hayden*, 92-CV-7629, 1994 U.S. Dist. LEXIS 21265, at *3, 21 (S.D.N.Y. Aug. 29, 1994) (cuts, bruises, and abrasions, which were not cleaned, cap for tooth, which was not replaced, and blurred vision and headaches due to fact that glasses were not replaced, did not constitute a medical condition that was sufficiently serious for purposes of either Eighth or Fourteenth Amendment).

Moreover, even assuming, based on the decision in *Linden v. Westchester County*,[5] that Plaintiff's injuries constitute a serious medical need, because Defendants Ryan, Riley and Perrea responded to Plaintiff's request for medical attention on more than one occasion (during which responses they examined the areas where Plaintiff complained of injuries and provided him with pain medication), the Court finds that there is insufficient admissible record evidence to raise a genuine issue of material fact that these Defendants were deliberately indifferent to Plaintiff's asserted serious medical need.[6]

## IV.   CONCLUSION

For the reasons stated above, after carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation, Defendants' Objection, and Plaintiff's Objection, the Court concludes that the Report-Recommendation is thorough, well-reasoned and correct (based on the arguments presented to it). As a result, Magistrate Judge

---

[5] In *Linden v. Westchester County*, the district judge stated that allegations of suffering "cuts, bruises, and pain caused by the altercation with [a corrections officer]," are sufficient to constitute a serious medical need. *Linden*, 1995 WL 686742, at *3 (S.D.N.Y.).

[6] *See Mendoza v. McGinnis*, 05-CV-1124, 2008 WL 4239760, at *12 (N.D.N.Y. Sept. 11, 2008) (McAvoy, J., adopting, on *de novo* review, report-recommendation by Peebles, M.J.) ("The question of what diagnostic techniques and treatments should be administered to an inmate is a classic example of a matter for medical judgment; accordingly, prison medical personnel are vested with broad discretion to determine what method of care and treatment to provide to their patients. Moreover, plaintiff's disagreement over the level of pain medication, without more, is insufficient to avoid dismissal of the plaintiff's claim; rather, to prevail on a claim involving choices between alternative course of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health.") (internal quotation marks and citations omitted); *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) ("[p]rison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates") (citations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Lowe's Report-Recommendation is accepted as modified above in Parts III.A.1. and III.A.2. of this Decision and Order (i.e. as modified by Defendants' introduction, during their Objections, of their argument regarding personal involvement, with which the Court agrees).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation is **ACCEPTED** and **ADOPTED** as modified above in Parts III.A.1 and III.A.2 of this Decision and Order; and it is further

**ORDERED** that Defendant's motion for partial summary judgment (Dkt. No. 71) is **GRANTED** with respect to the following claims:

(1) Plaintiff's claims against all Defendants in their official capacities,

(2) Plaintiff's pendent state law claims,

(3) Plaintiff's claims against Defendants Ryan, Riley, and Perrea,

(4) Plaintiff's claims against Defendants Wright, Racette, Donelli, and Iazetti; and it is further

**ORDERED** that all claims against Defendant Curnell be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m).

Dated: July 28, 2009
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge